# Kunkle *versus* Mitchell.

1. Mitchell agreed to deliver timber to Kunkle "on the cars at Indiana." *Held*, that the cars were to be provided by Kunkle, and it was his duty to show that he was ready to provide them, and to notify Mitchell of his willingness.

2. "Each car-load [was] to be paid for as soon as delivered at Indiana station." *Held*, that Kunkle had no right to demand delivery till he paid or offered to pay for the timber.

October 29th 1867. Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the Court of Common Pleas of *Westmoreland county*: No. 12, to October and November Term 1866.

This was an action of covenant, brought December 21st 1863, by Daniel Kunkle against Robert Mitchell.

The covenant on which the action was founded is contained in the following agreement:—

"Article of agreement made and concluded this 27th day of

[Kunkle *v.* Mitchell.]

December 1862, between Robert Mitchell, Jr., of Indiana county, Penna., and Daniel Kunkle, of Westmoreland county, Penna. The said Mitchell agrees to deliver on the cars at Indiana seventy-five thousand feet of lumber, at 85 cents per hundred feet. The said Kunkle agrees to take all the two-inch plank now in the yard, and in consideration that the said Kunkle takes all the rough plank, the said Mitchell agrees to give him all the two-inch, inch-and-a-half, and inch-and-a-quarter plank now in the yard. The remainder of the whole amount of lumber is to be inch boards and fencing boards. Each car-load of lumber is to be paid for as soon as delivered at the Indiana Station, on the Pennsylvania Railroad. The said Mitchell is to have from the date of this agreement until the 1st day of June, A. D. 1863, in which to deliver said lumber, and he also agrees to deliver two car-loads each month."

Appended to the agreement is this receipt:—

" $150.00

" Received on the foregoing agreement one hundred and fifty dollars, December 27th 1862.          ROBERT MITCHELL."

There was delivered to the plaintiff by the defendant, in February 1863, two car-loads of lumber, and in July in the same year another car-load. The price of the whole would amount to more than the amount paid by the plaintiff upon the execution of the agreement.

There was evidence that in the months of March and April the plaintiff was at the station inquiring if the defendant had sent him any lumber. The plaintiff received no lumber but the three car-loads mentioned.

There was no evidence that he had provided or offered to provide cars, nor that he had paid or offered to pay for the lumber, nor of any demand on the defendant for the delivery of the lumber.

The court (Buffington, P. J.) charged :—

" ** This is an executory contract on both sides. The covenants are mutual and dependent. Neither was bound to perform without corresponding performance by the other. Mitchell had no right to demand payment till he delivered the lumber, and Kunkle had no right to demand the delivery till he paid or offered to pay the money. Performance by the one was a condition precedent to any right to demand performance by the other.

" If Mitchell was bound to deliver and ship the lumber without payment, he would trust to the credit of Kunkle, which he did not agree to do by the contract.

" We are therefore of the opinion that Mitchell was not bound to deliver the lumber as mentioned in the contract till paid for, or an offer made to pay."

[Kunkle *v.* Mitchell.]

There was a verdict for the defendant for $22.50, and the plaintiff took a writ of error.

He assigned the charge of the court for error.

*J. A. Hunter* and *J. A. Logan*, for plaintiff in error, cited N. American Oil Co. *v.* Forsythe, 12 Wright 291 ; Cullum *v.* Wagstaff, Id. 300 ; 1 Story on Contr. 14.

*H. D. Foster*, for defendant in error, cited Hartje *v.* Collins, 10 Wright 268 ; Lester *v.* McDowell, 6 Harris 91.

The opinion of the court was delivered, November 7th 1867, by

READ, J.—This is an action of covenant to recover damages for the non-delivery of lumber. The article of agreement between the plaintiff and defendant is dated December 27th 1862, by which the defendant, Mitchell, agreed to " deliver on the cars at Indiana 75,000 feet of lumber at eighty-five cents per hundred feet." This is the controlling clause as to the place of delivery. The cars would be either the cars of the plaintiff or those of the railroad company, and in either case they were to be provided by the plaintiff, and not by the defendant. The cars, therefore, being to be provided by the plaintiff, the duty was imposed upon him to show he was at least ready with the cars or willing to provide them, and to have notified the defendant of such readiness and willingness. Then follows a specification of the kind of lumber to be delivered. " Each car-load of lumber is to be paid for as soon as delivered at the Indiana Station, on the Pennsylvania Railroad. The said Mitchell is to have from the date of this agreement until the first day of June, A. D. 1863, in which to deliver said lumber, and he also agrees to deliver two car-loads each month." On this agreement is endorsed a receipt for $150, a cash payment on the day of its execution. Lumber was delivered covering this amount. The remaining car-loads were not delivered, nor was it in proof that any were delivered at the Indiana Station.

The plaintiff, therefore, seeking to recover damages for the non-delivery, must show that he had done all that was required of him by the contract. The plaintiff neither paid nor offered to pay, nor did he provide cars, nor offer to provide cars, nor express his willingness and readiness to do so, nor did he ever notify the defendant that cars were at the station ready to receive the lumber, nor was there any demand by the plaintiff on the defendant to deliver the lumber.

He claims to recover simply on the ground that the lumber was not delivered at the Indiana Station. Under these circumstances the plaintiff is not entitled to damages.

The verdict is therefore right, and the charge is substantially correct under the facts in the case.

Judgment affirmed.