EVANSTON ELEVATOR & COAL CO. v. CASTNER et al.

(Circuit Court, N. D. Illinois, N. D.)

No. 26,779.

1. SALES — CONTRACT TO DELIVER COAL F. O. B. CARS — DUTY TO PROVIDE CARS.

A contract by which a coal company sold a quantity of coal, to be delivered during a series of months "F. O. B. cars at the mines," did not cast upon it an obligation to provide cars, but only to be ready to load the same when supplied; nor was such obligation imposed upon it by a further provision by which it guarantied a maximum freight rate from the mines to the city to which the shipments were to be made during the time of delivery.

On Demurrer to Plea.

Arthur W. Underwood, for plaintiff.

Runnells & Burry, for defendants.

KOHLSAAT, District Judge. On March 18, 1902, plaintiff and defendants entered into an agreement whereby defendants were to sell and deliver to plaintiff 6,000 tons of Pocahontas coal, at $1.10 per ton free on board cars at defendants' mines, to be shipped in about equal monthly proportions between April 1, 1902, and April 1, 1903. Defendants guaranteed that the freight rates of the railroad for shipping the coal to Chicago should not exceed $1.90 per ton up to March 31, 1903. It was further agreed that defendants should not be held for failures to deliver coal caused by strikes or combinations, accidents at the mines, or interruption of transportation or navigation, or by any cause or any occurrence. It was further provided that:

"In such case the obligation to deliver coal under this contract is cancelled to an extent corresponding to the duration of such cause, occurrence or interruption, and no liability shall be incurred by the sellers for damages resulting therefrom;" also: "This contract price is based on the present freight rate, but if this rate should be advanced during the term of this contract, then the purchaser has the option of taking any undelivered portion of the tonnage at a corresponding advance in price or of cancelling this contract by giving immediate notice in writing of his desire to do so."

Defendants failed to deliver the tonnage called for, whereupon plaintiff brought this suit. Defendants filed several pleas.

The matter comes on to be heard upon plaintiff's demurrer to defendants' fourth amended plea. This plea refers to the contract, and alleges that defendants did deliver some of the coal, but were unable to deliver the full amount, because of the failure of the plaintiff to furnish cars for that purpose. It is the contention of the plaintiff that the contract requires the defendants to supply the cars. The only language in the contract bearing upon the matter is as follows, viz.:

"6000 tons of 2000 lbs of C. C. B. Pocahontas at $1.10 for run of mine grade per ton of 2000 lbs 'F. O. B.' cars at the mines." Also: "The railroad freight rate on the tonnage covered in this contract is guaranteed not to exceed One & $90/100$ dollars per net ton from Pocahontas district to Chicago, Illinois, from April 1st, 1902 to March 31st, 1903."

Thus it will be seen that practically the only question before the court is as to the meaning of the term "F. O. B. cars at the mines," with reference to the furnishing of cars. Bouvier defines the phrase as denoting that the seller has agreed to deliver on cars or vessels, "without cost to the buyer for packing, portage, cartage, and the like," and adds (citing Dwight v. Eckert, 117 Pa. 508, 12 Atl. 36), "In such a contract the seller is under no obligation to act until the buyer names the ship to which the delivery is to be made."

In Neimeyer Lumber Co. v. Burlington R. R. Co., 54 Neb. 321, 74 N. W. 670, 40 L. R. A. 534, the court holds that these letters imply that the buyer shall be free from all the expenses and risks attending the delivery of the property at the point named in the contract. Again, it is held in Sheffield Furnace Co. v. Hull Coal & Coke Co., 101 Ala. 446, 14 South. 672, and Capehart v. Furman Farm Implement Co., 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60, that the letters have a well-defined meaning, of which the court will take judicial notice, giving the definition as above.

The case of Hocking v. Hamilton, 158 Pa. 107, 27 Atl. 836, was brought by the Hocking Coal Company to recover from defendants for breach of contract to purchase coal F. O. B. cars at tipple—the reverse of the case at bar. The court says:

"The appellee undertook to sell and deliver at the tipple the coal at the designated price, and the appellants covenanted to receive it there and pay for it. If so, they were bound to furnish the cars for it."

See, also, Kunkle v. Mitchell, 56 Pa. 100.

The Court of Appeals for this Circuit, in the case of Chicago Lumber Co. v. Comstock, 71 Fed. 477, 18 C. C. A. 207, involving a contract of sale which provided for delivery in the words "loaded on cars," held that defendant did not thereby agree to furnish the cars, and that, under that language, it was the duty of the plaintiff to see that cars were furnished.

In the case of Consolidated Coal Co. v. Schneider, 163 Ill. 393, 45 N. E. 126, it appears that suit was brought to recover from the coal company for its failure to accept and pay for coal contracted for by it to be delivered all F. O. B. cars at said mine. The court says:

"The fact that appellees were required by the contract to deliver the coal free on board the cars at the mine can have no bearing on the question in regard to whose duty it was to furnish cars. * * * Until the cars were furnished, appellees were required to do nothing except to have the coal ready."

The court then squarely holds that it was the duty of the appellant to furnish cars. The court also holds that in this case the parties had themselves construed the contract so as to cast the burden of providing cars upon the vendee.

In the case of Tradewater Coal Co. v. Lee et al. (Ky.) 68 S. W. 400, the same clause was involved, but the court decided the case upon other grounds; incidentally sustaining an instruction which directs the jury to find for the defendants on their set-off in case they believe from the evidence that sufficient cars were furnished by the railroad company for the purpose of the contract. This case

is cited by the plaintiff, but does not, in my judgment, hold contrary to the other cases above cited.

I am of the opinion, for the purposes of this hearing, that under the phrase "F. O. B." no obligation was cast upon the coal company to provide cars, but only to be ready to load the same when supplied. Nor do I think this position in any way affected by the other clause as to the maximum freight rate. That clause merely protected plaintiff to that extent, but entirely fails to modify the question of furnishing cars.

The demurrer is overruled and the plea sustained. Plaintiff may reply to the pleas within 10 days.