## UNITED STATES SMELTING CO. v. AMERICAN GALVANIZING CO.

(District Court, E. D. Pennsylvania. November 3, 1916.)

### No. 4244.

SALES ⟨Key⟩83—CONTRACT TO DELIVER "F. O. B. CARS ST. L."—DUTY AS TO SHIPPING DIRECTIONS.

Plaintiff merely averring a contract to deliver "f. o. b. cars St. L.," and demand for and refusal to give shipping directions, and defendant admitting such refusal, but denying refusal to accept, plaintiff cannot have judgment on the pleadings, as, if the shipment is to be made from another place to St. L., no directions from the buyer are required; otherwise, they are.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 224–227; Dec. Dig. ⟨Key⟩83.]

At Law. Action by the United States Smelting Company against the American Galvanizing Company. Rule for judgment discharged.

R. Stuart Smith and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for plaintiff.

Alfred Aarons, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The principles of law which control in this case may be thus formulated:

Where either party to a contract gives notice of his refusal to perform, the other may treat this as an anticipated breach, and bring his action, without awaiting the time of performance stipulated.

Delivery contracts, like all others, are to be performed in accordance with their found meaning.

Nondelivery under a contract to deliver and accept may constitute a breach by vendor or vendee. In a case of mere nondelivery, the breach is on the part of the party whose duty it was under the contract to first act.

In contracts to deliver f. o. b. vessel, with or without a designated port of shipment, the vendee is the first actor, and must provide and designate the vessel by proper shipping directions. In a like contract, where the vendor is given optional ports of shipment, the vendor is the first actor, and must name the port before he can require the vendee to provide the vessel.

Where the delivery is f. o. b. cars at the place of shipment, the vendee is the first actor, and must provide the car and give the necessary directions. Where, however, the delivery is to be by carrier at the port or point of destination of the shipment f. o. b. vessel or car, the contract gives the vendor the right, and requires him to select and engage the carrier, and he is thereby made the first actor.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Where the contract itself gives to the party required to act all necessary information to enable him to perform, he cannot excuse performance by proof of the fact that he asked for and was not given, or was refused, further directions.

The following cases were ruled upon some one or more of these propositions and give sanction to them as the law: Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; Kunkle v. Mitchell, 56 Pa. 100; Dwight v. Eckert, 117 Pa. 490, 12 Atl. 32; Hocking v. Hamilton, 158 Pa. 107, 27 Atl. 836; Railway Co. v. Steel Co., 123 Fed. 655, 59 C. C. A. 419; Evanston Co. v. Castner (C. C.) 133 Fed. 409. This observation does not in terms apply to the last two propositions, but we think them to be logical corollaries to the others.

When we turn from these general principles to their application to the facts of the instant case, we find this situation and this state of facts: The question is presented as in substance a demurrer question. The plaintiff avers a contract to deliver "f. o. b. cars East St. Louis," or "f. o. b. cars East St. Louis basis." We have stated the place of delivery in the alternative, because there are four suits on four different contracts, three of which follow the one phraseology and one the other, and we wish to dispose of all of them by one opinion. The further averment is made that the plaintiff asked the defendant to designate the place to which the spelter purchased was to be shipped. It affirmatively appears that no shipping instructions were given, and it does not appear that any reply was made by the defendant to the request for them. The position of the plaintiff is that this failure of the defendant was the equivalent of a refusal, and this refusal was in legal intendment a refusal to accept, and a consequent breach of the contract. The position of the defendant is that it was not bound to give shipping directions, and that no inference could be drawn from its refusal to so do, other than one of notice to plaintiff that defendant stood upon the contract and that plaintiff would be held to strict compliance. It should further, perhaps, be stated that nothing appears of the relations of the parties to the contract, except that the plaintiff is a citizen of Maine and the defendant of Pennsylvania.

There is a recognized atmosphere in which the two sides of this case were presented distinctly favorable to the plaintiff. The impression, whether justified or not, could not be resisted that the defendant was seeking to escape the consequences of the bargain into which it had entered. There is a like favorable predisposition in favor of the position of the plaintiff, born of the very clear and forceful argument addressed to us by its counsel and the clear-cut and helpful brief submitted. Counsel for defendant, however, must be freely and fully conceded the right, which may expand into a duty, to protect the defendant in the assertion of every legal right.

To compress the argument for plaintiff into a sentence is to inadequately present it, but the argument essentially is this: The relations of the parties to each other and to the subject-matter of the contract were such that the reference to the place of delivery meant nothing more than a mode of expressing the price. To what place the actual

shipment was to be made was determined by the instructions to be given; but, wherever it was, the reference to cars f. o. b. East St. Louis fixed the price, and makes it clear that it was a price term only. The word "basis" in some of the contracts emphasized this.

The fact that there is nothing to show East St. Louis to be the place of manufacture or of final destination—the end of a contemplated carriage—all confirms the view of the contract taken. We are therefore not only justified, but required, to give to the quoted expression its ordinary and recognized meaning. The ordinary meaning of delivery f. o. b. cars is that the vendor is to be at the expense of hauling, loading, etc., or is to pay the freight to the named place, and that no responsibility rests upon the vendee until such delivery is made. It will be seen that this meaning, while clear and unambiguous, may nevertheless apply in whole or in part according to the conditions to which it applies. A contract to deliver f. o. b. vessel at the port of departure would be held to mean that the shipper is to be at the expense of loading. It just as clearly would not be held to mean that he had the right to select or was bound to supply the vessel. If, however, the port is the port of destination of the vessel (which possibly is reached by many vessels), then it would be equally clear that the shipper did have the right to choose the vessel and was bound to provide it. This case really resolves itself into this suggested very narrow question of fact.

The exact bearing point of the controversy can be best found by presenting three supposititious cases: (1) A broker, or other middleman, who buys to sell again, buys for delivery to an unknown consignee at an unknown place. To get a price basis, East St. Louis is named as the place of delivery. It is not in the contemplation of either party that the goods shall be there shipped or received, but they are to go to any place named by the vendee. (2) A vendor has a manufactory in East St. Louis from which he ships. A rate is made for delivery f. o. b. cars East St. Louis, with the expectation of being shipped elsewhere. (3) A vendee buys goods for delivery to himself at East St. Louis, to be there used. The goods are to be shipped in cars to East St. Louis, where the consignee is to receive them. The common-sense as well as legal meaning of these respective contracts is that in the first and second cases the vendee is bound to give shipping instructions. In the third case the vendor has them.

The final question is to which of these three classes does this contract belong? The position of the plaintiff is that it belongs to the first class. The present and real question is not whether it belongs to that class, but whether on the face of the record it is shown to so belong. This must be determined from an inspection of the record alone. The statement of claim avers simply a contract for St. Louis delivery. If this were the real contract, and the vendor was to ship from another place to St. Louis, it would be clear that it was the meaning of the parties that the shipment was to be made by rail to St. Louis and there received. It would be the place of the vendor to pay the freight, and the shipment would belong to him (with all the

consequences of this), until delivery at St. Louis. One consequence would be that it would be his right to select the carrier and make his bargain for the shipment. Nothing would be required of the vendee beyond acceptance and payment. A right of action in the vendor could therefore only be based upon a refusal to accept. This refusal is averred, and the case of the plaintiff made out.

The affidavit of defense, however, denies the refusal to accept, although admitting a refusal to give shipping directions. The question then resolves itself into this: Was the defendant bound to give them, or did the plaintiff already have them? On the averments of the pleadings, we cannot find whether the sale called for a delivery f. o. b. cars for shipment from St. Louis, or a shipment by car to St. Louis. Without this finding we cannot determine which of the parties had the right to select, and upon whom was the consequent duty of supplying the car. To find this fact we must go outside the pleadings, and it follows that plaintiff is not presently entitled to judgment. This conclusion eliminates all other questions raised.

Rule discharged.