Albert G. Miller, now for use of Second National Bank of Elmira, N. Y., Appellant, *v.* Sidney A. Seaman and Frank P. Snyder, now or lately trading under the firm name of S. A. Seaman & Co., and Julia A. Smyth.

*Vendor and vendee—Contracts executory—Sale uncompleted.*

An agreement for the sale of all the lumber in eleven piles on the property of a third person, not for a gross price, but at a price per thousand feet, "shipping count F. O. B. cars, Williamsport, to be loaded, inspected and measured as ordered by the purchasers by" a person agreed upon, same to be paid for within thirty days after dates of bills dated on day of loading; all lumber in yard June 1, 1894, not loaded on cars before that date to be inspected and measured by another person agreed upon and the same to be paid for in cash on that date at a less rate per thousand, was held to be an executory and not an executed contract of sale, and it was further held that the loss of said lumber by flood, prior to June 1st, fell upon the vendor.

*Condition precedent.*

The title of the vendees rested on delivery f. o. b. cars to them at Williamsport, and they were not liable for any lumber which was not inspected and actually delivered to them.

*Words and phrases—" Inspected."*

Where the parties have by their dealings construed the term "inspected" to mean the sorting of good lumber from "culls" it is not error for the trial court to refuse to submit its interpretation to the jury.

Argued March 18, 1896.　Appeal, No. 76, Jan. T., 1896, by plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1894, No. 175, of nonsuit.　Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.　Affirmed.

Assumpsit for lumber sold by contract.　Before METZGER, P. J.

The plaintiff offered in evidence the following agreement for the sale of lumber:

"By this agreement, made this twenty-first day of February, 1894, A. G. Miller, of Elmira, N. Y., agrees to sell to S. A. Seaman & Co. and J. A. Smyth, of Williamsport, Pa., the 406,000 feet of hemlock lumber, more or less, belonging to the said A. G. Miller, now piled on the yard of the Dent Lumber Com-

pany at Du Boistown, Lycoming County, Pa., being the eleven piles of lumber designated with the mark ' A. G. M.,' and numbered and mentioned in Schedule ' A ' hereunto annexed, at and for the price of eight dollars and twenty-five cents per thousand, shipping count, F. O. B. cars, Williamsport, to be loaded, inspected and measured, as ordered by said purchasers, by Mr. Sam. Aurand for the sellers, the same to be paid for by said purchasers within thirty days after dates of bills to be dated on the day of loading, in cash, less a discount of two per cent; all lumber on the yard June 1, 1894, not loaded on cars before that date, to be inspected and measured, or estimated, by S. V. Van Fleet, and the same to be paid for in cash on that date at the rate of eight dollars per thousand, less said two per cent. discount, and all prior unpaid bills to be paid in cash within thirty days from their dates, as above provided. The expense of said inspection and measurement, or estimate, of lumber on yard June 1, 1894, to be borne and paid by said purchasers."

Plaintiff offered in evidence the following letter:

"WILLIAMSPORT, Pa., May 24, 1894.

"MR. A. G. MILLER, Elmira, N. Y.

"Dear Sir: Owing to the damage caused by the flood and consequent inability of the railroads to move any lumber for some days, we are compelled to ask an extension of time for the fulfillment of our contract with you, as to moving the lumber on the Dent Lumber Co.'s yard, which expires on the 1st of June. It will be utterly impossible to move it by that time owing to the causes named, and we would like an extension of time for three months.

"We shall not ask any favors on the payments, as we will take care of those as they come due, but simply an extension of the time for moving the lumber.

"At present writing it is not known how much of the lumber has been lost by the flood. Captain Byers informs us that they had three loaded cars on the track, one of which was ours; two of them were lost but ours remained on the track all right.

"Yours truly,
"S. A. SEAMAN & Co.,
"J. A. SMYTH."

This for the purpose of showing acceptance of delivery by the defendants; that the lumber was delivered to them, and that it was the intention of the parties that the title to the lumber vested in the defendants at and from the time of the agreement in this case.

Defendants objected as follows:

1. Because it is not proposed to prove that the defendants knew that the lumber in question had gone down the river by the flood of May, 1894, and the letter itself shows that the defendants were in ignorance of the lumber having been taken down by the flood in that they say we are compelled to ask an extension of the time to fulfill with you the moving of the lumber on the Dent Lumber Company's yard which expires on the 1st of June. It will be utterly impossible to move it at that time under all the causes named.

2. Because it is incompetent and irrelevant for the causes named.

By the Court: Objections sustained, evidence excluded and bill sealed for plaintiff. [1]

The facts and a statement of other testimony appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were, (1) ruling on testimony quoting the bill of exception; (2) overruling motion to take off nonsuit.

*C. LaRue Munson*, with him *Addison Candor*, for appellant.— Upon a motion for nonsuit every fact and inference the jury may lawfully draw are admitted: Miller v. Bealer, 100 Pa. 583; Jones v. Bland, 116 Pa. 190; Lerch v. Bard, 153 Pa. 575. The words "agreed to sell" purport an immediate sale: Tarling v. Baxter, 6 Barn. & Cress. 360; Van Brocklen v. Smeallie, 140 N. Y. 72. The essential element showing the intention to pass the title is specification or identification of the property: Winslow v. Leonard, 24 Pa. 16; Gonser v. Smith, 115 Pa. 452; Commonwealth v. Hess, 148 Pa. 98; Hatch v. Oil Co., 100 U. S. 124; 21 Am. & Eng. Ency. of Law, 482; Coal Co. v. Harlan, 27 Pa. 430; Pratt v. Campbell, 24 Pa. 184. The court was not justified in giving the word "inspected" a technical mean-

ing in the absence of proof: Robertson v. French, 4 East, 135 ; Hutchinson v. Bowker, 5 M. & W. 535; Eaton v. Smith, 20 Pick. 150 : Shafer v. Sensman, 125 Pa. 310 ; 2 Parsons on Contracts, 493. Where goods are delivered to the buyer, the presumption is that the parties intended that the property in them should pass at once, although something may remain to be done to ascertain the amount of the price : Scott v. Wells, 6 W. & S. 357, 366 ; Nicholson v. Taylor, 31 Pa. 130 ; Andrews v. Weaver, 4 Mont. 110 ; 1 Benjamin on Sales (4th Am. ed.), 378 ; Crofoot v. Bennett, 2 N. Y. 258 ; Burrows v. Whitaker, 71 N. Y. 291 ; Macomber v. Parker, 13 Pick. 175 ; Shealy v. Edwards, 73 Ala. 170 ; Graff v. Fitch, 58 Ill. 373. The property being in possession of a third party, notice to them of the sale and direction to deliver the lumber to the vendees, communicated to and accepted by the vendees, operated as, and was, a delivery of the lumber : Keil v. Harris, 5 Cent. 865 ; Linton v. Butz, 7 Pa. 90 ; Woods v. Hull, 81* Pa. 451 ; Worman v. Kramer, 73 Pa. 378 ; Dempsey v. Gardner, 127 Mass. 381 ; King v. Jarman, 35 Ark. 190 ; Boswell v. Green, 25 N. J. L. 390.

The words in the contract referring to the inspection and measuring or estimating the lumber did not make the agreement executory nor prevent the title from vesting in the vendees : Kohl v. Lindley, 39 Ill. 195; Leonard v. Davis, 66 U. S. 476 ; Diehl v. McCormick, 143 Pa. 584.

*B. S. Bentley* and *Seth T. McCormick*, with them *Henry C. McCormick*, for appellees.—It was intended by the contract that no title should pass to the vendees until certain things provided for by the contract had taken place, to wit : the inspecting and measuring and the loading of the lumber. In such case title does not pass until the conditions precedent are fully complied with : Scott v. Wells, 6 W. & S. 357 ; Dennis v. Alexander, 3 Pa. 51; Hutchinson v. Hunter, 7 Pa. 140 ; Golder v. Ogden, 15 Pa. 528; Lester v. McDowell, 18 Pa. 91 ; Winslow v. Leonard, 24 Pa. 14; Nicholson v. Taylor, 31 Pa. 128 ; Thompson v. Franks, 37 Pa. 329 ; Bigley v. Risher, 63 Pa. 152; Hutchinson v. Com., 82 Pa. 472; 1 Benjamin on Sales, 330 ; Elgee Cotton Cases, 22 Wallace, 180 ; Lingham v. Eggleston, 27 Mich. 324.

Inspection is defined by act of April 15, 1835, P. L. 415.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1896 :

In the spring of 1894 a quantity of sawed hemlock lumber was swept from the yard of the Dent Lumber Company at Du Boistown, near Williamsport, by flood and lost. The object of this action is to determine whether the plaintiff or the defendants must bear the loss so occasioned, and this must depend on which of them held the title at the time the flood came. The hemlock had been sawed by the Dent Lumber Company in 1893, and at that time belonged to it. On the 8th day of November of that year, the Dent Lumber Company sold to A. G. Miller, the legal plaintiff, eleven piles of hemlock lumber for the lump sum of $3,250. The piles were estimated to contain four hundred and six thousand feet, more or less. Possession was delivered to the purchaser in the pile, and he at once caused each pile to be distinctly marked with his initials. This was a present sale by the vendor, and as between it and the vendee it passed the title to all the lumber in the piles to the vendee absolutely. On the 21st day of February, 1894, Miller made a contract for the sale of the same eleven piles of lumber to the defendants, and it is under that contract that the question on which this case depends is raised. The provisions of the contract are quite unlike those of the contract under which Miller bought. They amount to an agreement to sell all the lumber in the eleven piles, not in a lump or for a gross price, but by the thousand feet at the price of $8.25 per thousand feet. The quantity is not to be estimated, or to be ascertained at once in any other manner, but is to be obtained by actual measurement when, and as often " as, the lumber is loaded, measured and inspected by Mr. Sam Aurand, upon the order of the purchaser." The actual delivery is not made when the lumber is loaded in the yard but the seller delivers it to the purchaser " F. O. B. cars Williamsport." The price is to be paid on the quantity contained in each shipment ordered, within thirty days after shipment, and shipments are to be made only as ordered by the purchaser until June 1, 1894. At that time all the lumber remaining on the yard belonging to these eleven piles was to be inspected and measured or estimated by Mr. S. V. Van Fleet and paid for in cash at the rate of $8.00 per thousand. Some shipments had been made and paid for according to the contract, but before the 1st day of June arrived, the flood came and

the lumber was lost. The learned judge of the court below held at the trial that the title did not pass out of Miller under the terms of this contract until the amount to be shipped at any particular time had been measured, inspected and loaded at the expense of the seller and delivered f. o. b. cars Williamsport to the purchaser; and that the right to demand payment did not arise until such measurement, inspection and actual shipment had taken place, and then only for so much as was actually contained in the shipment, and at the end of thirty days after it was made. This was a holding that the contract was not an executed, but an executory, sale. The right of the buyer to demand the lumber and the right of the seller to demand payment were conditional upon acts to be done by the seller on the order of the buyer, and were limited to such quantities as the buyer should order and the seller deliver after a count and inspection, free on board of cars at Williamsport. So, when the 1st day of June should arrive, the right of the buyer to demand lumber, and of the seller to demand payment, were limited by the amount then inspected, measured or estimated as actually on the ground. In other words, the sale was by the thousand feet to be paid for after inspection and measurement. The buyer was liable for nothing that was not actually delivered to him after an inspection. He had a right to demand no more than the piles would furnish by actual measurement when the time came for the measurement to take place under the terms of the contract. But it is urged that the learned judge was mistaken in his exposition of the word "inspected" found in the contract, and that he should have submitted the question of its meaning, as used, to the jury. If the word had been ambiguous or doubtful, the question of its meaning should have been referred to the jury; but upon the evidence it was neither ambiguous nor of doubtful meaning. The parties had moreover put a construction upon it. In the first order sent by the buyers for a shipment under this contract, they say " Please load the following and consign to us at P. R. R. yard this city (then follow items amounting to 18,000 feet) from the A. G. Miller stock, Hemlock scantling C. O. (meaning culls out). Boards M. C. O." (meaning mill culls out). This showed the inspection to which they thought themselves entitled, and the sellers acquiesced in this construction by filling the order, and

others following to the number of sixteen in all, and making out their bills for each shipment on this basis. It is clear that the defendants had no right to take possession of these piles, as piles of lumber. If they had attempted it, Miller could have proceeded either by replevin or trespass against them. They could not have sold the lumber in a lump and delivered it to a purchaser. They could only take or sell in accordance with their contract. Their title to each shipment rested on its delivery f. o. b. to them at Williamsport. The lumber swept away by the flood had not been ordered by the purchaser; it had not been inspected, measured or loaded by the seller and delivered at Williamsport for the buyer. When the time came for ascertaining its quantity, it was not in the yard of the Dent Lumber Company to be inspected and measured or estimated, and delivery was therefore impossible. The title had left the plaintiff only as orders had been filled and shipped, and as to all that remained on the yard, it had never left him.

The judgment of nonsuit was properly entered. The assignments of error are overruled and the judgment is affirmed.