Bradley & Co. v. Basta.

---

DAVID BRADLEY & COMPANY v. JOSEPH BASTA ET AL.

FILED FEBRUARY 17, 1904.   No. 13,403.

1. **Contracts: PRESUMPTIONS.** In the absence of fraud or imposition, persons of mature years and ordinary intelligence and education are presumed to have read the contracts executed by them, or to have otherwise made themselves acquainted with their contents.

2. **Agents: POWERS: LIMITATIONS.** A person dealing with an agent of limited powers, and who knows of the nature and extent of the limitation, is bound thereby.

ERROR to the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*Flickinger Brothers,* for plaintiff in error.

*George H. Thomas, contra.*

AMES, C.

This is a proceeding in error to reverse a judgment rendered in behalf of the defendants. The action is to recover the purchase price of a gasoline engine sold and delivered upon a written contract. The contract is in the form of an order, which was obtained by the solicitation of an agent of the plaintiff, and is signed by the purchasers alone. It calls for an engine of certain specified number of horse power, and contains specific warranties as to material, construction and capacity to develop the specified power, and stipulates that it shall not be modified, nor any promises of agent, employee or attorney, not contained therein, be effectual, unless "in writing and ratified by the Council Bluffs office," the plaintiff's principal place of business. The document appears upon its face to express the entire agreement of the parties and to be complete in all respects. It was sent to, and received and accepted by, the principal managers of the plaintiff company, who shipped and delivered the engine accordingly, but the defendants refused to pay for the same. The defendants, however, contend that the delivery was not complete, because the contract stipulates that they shall have opportunity to ascertain whether the engine is in compliance with the terms of the warranty, and that, upon the application of certain practical tests, it has been ascertained that it is not so. But the alleged warranties, of a breach of which they complain, are not contained in the written contract, but are averred to have been made orally by the agent of the plaintiff antecedently to and contemporaneously with the signing of the latter. Or, more accurately speaking, it is alleged that the agent represented to them that the engine would be capable of making a certain number of revolutions a minute, and of causing a

certain number of revolutions a minute in a certain separator (threshing machine) belonging to them, and assured them that, if it should fall short of these representations in either respect, or of successfully and satisfactorily driving and operating the separator, the defendants should be under no obligation to receive or accept the engine, or to pay any sum for or on account of it, and that these statements and promises were the sole inducement to the defendants to execute and deliver the contract or order. It was further averred that it has been ascertained, by practical experiment and attempted use of the engine, that it is in a large degree incapable in all the respects mentioned, it being of the 10 horse power capacity stipulated in the contract, and the separator being a 16 horse power machine. All these oral representations are denied by the reply, and due exception was taken at the trial, both generally and specifically, to the introduction of evidence in proof of them. It is not claimed that they were fraudulently made, or that they were known to the plaintiff company until after the delivery of the engine, or that they were ratified by it in writing or otherwise, or that there was any mistake as to the contents of the written document, or that the engine did not answer the description therein given. There has been no offer to rescind or to return the engine, which is still retained by the defendants.

It will thus be seen that the alleged antecedent and contemporaneous oral agreement not only supplemented but, in important particulars, was inconsistent with, and superseded the written instrument. Indeed, if the defendants' version of the transaction is accepted, the real and substantial contract of sale was oral, to which the writing was only an incident; and, in support of this theory, they allege and testify that they finally consented to sign the latter and permit its transmission to the plaintiff, because of being assured by the agent that it would not modify or affect the oral agreement, but he said: "Boys, I wouldn't ask you to sign this order, but I've got to have it to get the

engine up here. The company will not ship it without." This statement was, we think, additional to the above quoted clause in the writing, a distinct and explicit notification to the defendants that the agent was exceeding his powers, and that the only contract or agreement of sale he had authority to make was that contained in the writing. It particularly challenged their attention to that document, and was equivalent to saying to them: "My principal has authorized me to make or accept a particular contract or agreement of sale and no other. The terms and conditions of that contract you will find recited herein, and anything other or different therefrom, the company will decline to consider." If, in response to this challenge, the defendants had read the instrument (and it does not appear that they did not do so), they could not have failed to observe therein the limitation upon the powers of the agent, denying to him in express terms authority to make any different, additional or supplemental agreement, whatsoever. The most that he could have done in that regard was to propose something new in writing, leaving it to his principal to accept or reject the same at its pleasure. It is a maxim of law that persons of mature years and ordinary intelligence and education, such as the defendants seem to have been, are presumed to have read the contracts executed by them, or to have otherwise made themselves acquainted with their contents. The inference is inevitable. The defendants must, upon this record, be conclusively presumed to have known that the alleged oral agreement with the agent was in excess of his powers, and that the writing, if it should be accepted by the plaintiff, and a delivery of the engine should be made pursuant to it, would furnish the complete and exclusive measure of the rights and liabilities of the parties to the transaction.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.