OMAHA ALFALFA MILLING COMPANY, APPELLANT, v. L. W. PINKHAM ET AL., APPELLEES.

FILED JULY 14, 1920. No. 21076.

1. **Principal and Agent: CONTRACT IN EXCESS OF AGENT'S AUTHORITY.** Where an agent, authorized by his principal to execute a contract only upon a certain condition to be embodied therein, informs the other party of the limitation upon his authority, but nevertheless executes, on behalf of his principal, a written contract embodying a different and opposite condition, the principal will not be bound thereby.

2. ———: ———: PAROL EVIDENCE. In an action upon a written contract executed by an agent on behalf of his principal, where the defense is that one of the conditions of the contract was in excess of the agent's authority, it is not a violation of the rule forbidding written contracts to be varied by parol to permit the

principal to show, by the testimony of witnesses present during the negotiation, that before the contract was executed the agent informed the other party that he was not authorized to execute the same if it embodied the condition in question.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed on condition.*

*J. M. Fitzgerald* and *C. P. Anderbery*, for appellant.

*J. L. McPheely, contra.*

DORSEY, C.

This action is to recover damages for the failure of the defendant, L. W. Pinkham, to deliver 55 tons of hay under the terms of a written instrument purporting to be an agreement on his part to sell and deliver that quantity of hay to Leypoldt & Pennington, whose rights under the contract they afterwards assigned to the plaintiff. Hjalmar Olson was also made a defendant, but was not really a party in interest. The verdict and judgment were for the defendants, and plaintiff appeals.

The defendant Pinkham was represented in the transaction by Olson. Pennington, a hay buyer, was at the Olson farm when the subject of buying the Pinkham hay was brought up, and Olson said he would go to the house and telephone Pinkham about it. After the conversation over the telephone, Olson and Pennington went to Kearney, where the instrument sued upon was drawn up, in duplicate, and signed by Olson on behalf of Pinkham. It recites that Pinkham thereby sold and transferred to Leypoldt & Pennington the 55 tons of hay in question for $8.50 a ton, and that it was to be delivered by Pinkham within 30 days "on board of cars at siding at Minden;" that $50 had been paid upon the purchase price, the remainder to be paid "when said hay has been delivered as aforesaid to the satisfaction of said Leypoldt & Pennington."

The negotiations took place and the instrument was signed on October 17, 1916, and on November 7 the con-

tract was assigned to the plaintiff. Some time later a representative of the plaintiff called up Pinkham and informed him by telephone of the assignment, requesting him to bill the hay to Omaha, and to send the bill of lading to the plaintiff's agent at Cozad, stating that a check would be sent for each car from there. November 15, 1916, Pinkham refunded the advance payment of $50 by check to Leypoldt & Pennington, but the check was returned to Pinkham on December 28, 1916. The hay was never delivered.

The plaintiff in its petition sets up the contract and the payment of $50 upon it, alleges the defendant's failure and refusal to deliver, and that, at the time it should have been delivered, it was worth $13.50 a ton, and prays for damages equivalent to the increase in the price of the hay, together with the sum of $50, advance payment upon the contract.

Among the defenses interposed by the defendant Pinkham was the following: That, while Olson was authorized to contract, as agent for Pinkham, for the sale of the hay, his authority had been expressly limited to selling it only in case the buyer should agree to procure·from the railroad company the cars necessary for its shipment, and only upon condition that Pinkham should be relieved of any obligation to furnish cars; that such limitation was expressly insisted upon in the telephone conversation in which Pinkham authorized Olson to act as his agent in selling the hay; that this condition was communicated by Olson to Pennington before the contract was signed; and that therefore the defendant was under no obligation to deliver the hay until cars were furnished by the plaintiff, and plaintiff was not entitled to take advantage of any technical interpretation of the words "on board of cars" in the contract, which might ordinarily impose upon the defendant the duty of furnishing cars.

To sustain this defense the defendant offered, and the court received, over the plaintiff's objections, the testi-

Omaha Alfalfa Milling Co. v. Pinkham.

mony of Hjalmar Olson and his brother to the effect that, after talking with the defendant by telephone, Olson returned to Pennington and informed him that Pinkham would not consent to the sale, except upon condition that Pennington, and not Pinkham, should attend to procuring the cars, and that Pennington assented to that condition before the contract was drawn up. The plaintiff objected to this testimony on the ground that the language of the contract, "to be by him delivered on board of cars," has a well-understood legal significance, which the courts have construed to imply a duty on the part of a vendor in a sale contract to procure from the railroad company the cars necessary to carry out the agreement to deliver. *Vogt v. Schienebeck,* 122 Wis. 491; *Elliott v. Howison,* 146 Ala. 568; *Culp v. Sandoval,* 22 N. M. 71.

The plaintiff insists that to permit the defendant to show a prior or contemporaneous oral agreement, shifting from defendant to the plaintiff the duty of furnishing the cars, which, under the language of the contract, devolved, as a matter of law, upon the defendant, is a violation of the rule that a written agreement cannot be varied or contradicted by parol.

In this case, however, the defense was that Olson's authority to make any contract at all, on behalf of the defendant, with reference to the hay, was limited by a condition of which Pennington had knowledge before the contract was signed, that Pennington's knowledge is binding upon the plaintiff, and that, since it is chargeable with knowledge that Olson had no general authority, but only such special and restricted authority as was directly communicated to Pennington at the time, the limitation upon Olson's authority is binding upon the plaintiff. In such case the plaintiff could not rely upon a provision of the contract that it knew in advance was contrary to, or in excess of, the powers confided by the principal to the agent. *Bradley & Co. v. Basta,* 71 Neb. 169; 31 Cyc. 1329.

It is, therefore, clear to us that, while, under ordinary circumstances, if the defendant had made the sale and signed the contract himself, without the interposition of an agent, he would be bound by the terms of the agreement as embodied in the written contract, and could not be permitted to vary them by parol, there was no error in permitting him to show, by parol evidence, that the provision of the contract relative to furnishing cars was known by Pennington, at the time the contract was signed, to be in excess of the agent's authority. 17 Cyc. 701.

Except for the matter of the right of the plaintiff to recover the advance payment of $50 on the purchase price of the hay, which we shall presently consider, the assignments of error insisted upon by the plaintiff all relate to and are dependent upon the propriety of the ruling of the trial court in admitting the parol evidence complained of, and the conclusion reached upon that question disposes of the principal contentions raised upon this appeal.

The plaintiff pleaded the advance payment in its petition and prayed for judgment therefor. The defendant, in his answer, tendered that sum into court, "to be paid to the said Leypoldt & Pennington, or whichever one the court may find entitled to the same." The defendant's liability for the return of this money being thus conceded in the pleadings, the trial court, we think, should have required the jury to return a verdict for the plaintiff in the sum of $50, even though the jury found for the defendant with reference to the damages claimed for breach of contract.

We accordingly recommend that, if, within 30 days, the defendant pay into the hands of the clerk of this court the sum of $50 for the use and benefit of the plaintiff, the judgment of the court below be affirmed, but that otherwise it be reversed and remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, if, within 30 days, the defendant pay into the hands of

the clerk of this court the sum of $50 for the use and benefit of the plaintiff, but that otherwise it be reversed and remanded, and this opinion is adopted by and made the opinion of the court.

AFFIRMED ON CONDITION.