ROBERT DEMBOWSKI, APPELLEE, v. CENTRAL CONSTRUCTION COMPANY, APPELLANT, IMPLEADED WITH MEL LINSMAN, APPELLEE.

185 N. W. 2d 461

Filed April 2, 1971. No. 37593.

David L. Herzog and Healey, Healey, Brown & Burchard, for appellant.

Homer E. Hurt, Jr., for appellee Dembowski.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action in equity to reform a contract. The decree of the district court granting plaintiff's prayer for reformation is reversed.

Defendant, Central Construction Company, was in the home improvement business. It sold materials and furnished labor for that purpose. It also employed a number of salesmen on a commission basis. One of defendant's salesmen called on the plaintiff and induced him and his wife to sign a contract for the purchase and installation of new siding materials and aluminum doors and windows on their home. The contract provided:

"There are no representations, guarantees or warranties except such as may herein be incorporated, if any, nor any agreement collateral hereto, nor is this contract dependent upon or subject to any conditions not herein stated. Any subsequent agreement in reference hereto shall be binding only if in writing and if signed by all parties. Owner(s) understand and agree that Contractor does not make, and no agent of Contractor is authorized to make, any agreement with Owner(s) either concerning the use of the Owner(s) premises as a 'model home' or concerning any payments, credits or commissions to be received by Owner(s) for referrals of prospective customers. Owner(s) further understand and agree that, in the event Owner(s) make any such agreements with any person whomsoever, Contractor has no responsibility whatsoever for the performance of such agreements. Contractor does hereby expressly disaffirm any such agreements purportedly made on its behalf." Plaintiff and his wife were aware of this provision, made objection to it to the agent, but, nevertheless, executed the contract in reliance upon the agent's representations that they would not have to pay anything on the contract as their house was to be used as a model home and a percentage of other sales made on the strength of it would be credited to them in sufficient amounts to pay the contract in full; they also knew the contract provision mentioned did not apply to them and would be disregarded. Like representations were made to two other parties by agents of the defendant. The evidence fails to prove that defendant had any knowledge of the fraudulent conduct of its agents until after the materials and labor called for in the contract had been furnished to plaintiff by defendant.

The issue presented is the responsibility of the defendant principal for the fraud of its agent. Plaintiff relies on the case of Central Constr. Co. v. Osbahr, 186 Neb. 1, 180 N. W. 2d 139. Although based on similar facts, this case must be distinguished from the one before us as the

issue here was not raised or presented in the Osbahr case.

As noted, plaintiff and his wife were aware of the contract provisions limiting the agent's authority to enter into what would be a most unusual contract. Ordinarily, "A person with notice of a limitation of an agent's authority cannot subject the principal to liability upon a transaction with the agent if he should know that the agent is acting improperly." Restatement, Agency 2d, § 166, p. 392.

The evidence fails to establish that the defendant principal had knowledge of its agent's fraudulent conduct until after the contract had been entered into and fully performed by defendant.

"(1)   An innocent principal can, by contract with another, relieve himself of liability for deceit because of unauthorized fraud by a servant or other agent upon the other party.

"(2)   A contract with, or a conveyance to, the principal obtained by his agent through misrepresentations can be rescinded by the other party to the contract or conveyance prior to a change of position by the principal, even though the contract provides that 'it shall not be affected by misrepresentations not contained therein' and includes a statement that the agent has made no representations." Restatement, Agency 2d, § 260, p. 566.

The equitable remedy of rescission is denied after performance by the principal. In Maixner v. Travelers Ins. Co., 133 Neb. 574, 276 N. W. 163, it is stated: "One seeking to recover from a principal, for an unauthorized act of an agent, must establish that the principal obtained knowledge of such act before it had changed its position."

In Omaha Alfalfa Milling Co. v. Pinkham, 105 Neb. 20, 178 N. W. 910, it was held that where a party entering into a contract is informed of the limitation of the agent;

if the agent exceeds such limitation, the contract will not be binding upon his principal.

"A person dealing with one known to be an agent is held to the exercise of reasonable prudence, and, if an agent makes an agreement, representation or promise so unusual and unreasonable as to arouse the suspicion of a man of ordinary or average business prudence, he is put upon notice and must ascertain if actual authority has been conferred." Schuster v. North American Hotel Co., 106 Neb. 672, 184 N. W. 136.

In Scottsbluff Nat. Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392, Restatement, Agency, § 166, is cited and applied. Plaintiff, aware of the agent's restricted authority, was denied recovery against the principal.

The pertinent principles of agency applicable to this case are well stated in 3 Am. Jur. 2d, Agency, § 77, p. 481: "It is always competent for a principal to limit the authority of his agent, and if such limitations have been brought to the attention of the party with whom the agent is dealing, the power to bind the principal is defined thereby. Accordingly, the general rule is that one who deals with an agent, knowing that he is clothed with a limited or circumscribed authority and that his act transcends his powers, cannot hold his principal. This is true whether the agent is a general or a special one, for a principal may limit the authority of one as well as of the other. Clearly, a limitation by the principal of the agent's authority, communicated to a third party, is effective to excuse the principal from liability to that third party for acts by the agent in excess of the limit prescribed; and a person dealing with an agent must use reasonable diligence and prudence to ascertain whether the agent is acting within the scope of his powers. It follows that the principal is not bound, on the basis of either actual or apparent authority, if the third person dealing with the agent knows, or should know, the limitations placed by the principal on the agent's authority and that the agent is exceeding it."

We conclude that the decree of the district court was erroneous and must be reversed, and the cause is remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

SPENCER, J., dissenting.

I do not agree with the majority opinion that Central Constr. Co. v. Osbahr, 186 Neb. 1, 180 N. W. 2d 139, is distinguishable from the instant case. The present action is one in equity to reform the written instrument. The Osbahr case was a mechanic's lien foreclosure, which accomplished the same purpose. I believe the Osbahr case to be applicable to the facts herein. I would affirm the judgment of the trial court.

McCown, J., joins in this dissent.